UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN W. TAYLOR, IV,

    Plaintiff,

        v.                              CAUSE NO. 3:24-CV-273-JTM-JEM

BRANDEN MYERS, et al.,

    Defendants.

## OPINION AND ORDER

John W. Taylor, IV, a prisoner without a lawyer, filed a complaint against seven defendants asserting he was subjected to excessive force in violation of the Eighth Amendment. (DE # 2.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor alleges that, on January 25, 2024, at about 12:50 p.m., when he was housed in A-Housing Unit at Miami Correctional Facility, Officer Matthew Graves came to his cell and told him he was being moved to general population and would be placed in J-Housing Unit. (DE # 2 at 3.) He told Officer Graves he did not want to move to J-Housing Unit because his life had recently been threatened. *Id*. Officer Graves

responded to Taylor stating that "We can do this the easy way or the hard way." *Id*. In light of Officer Graves's statement, Taylor asked to speak to Officer Graves's supervisor. *Id*. Officer Graves then proceeded to pull out his pepper spray and sprayed it into Taylor's cell. *Id*. at 4. Taylor was placed in handcuffs and moved from A-Housing Unit to J-Housing Unit. *Id*.

When he arrived at J-Housing Unit, he filled out paperwork requesting that he be placed in protective custody and complained about the effects of the pepper spray. *Id*. Twelve hours later, Taylor was told he would be evaluated by medical staff and moved back to A-Housing Unit. *Id*. However, after he was seen by medical staff, Officer Graves told him that Officer Branden Myers said that he would not be moved to A-Housing Unit. *Id*.

Taylor asserts that, while he was in the medical unit, the defendants began using physical force against him by first pulling his handcuffed hands up and injuring his shoulder. *Id*. at 5. He was then beaten, choked, and dragged out of the medical unit to J-Housing Unit. *Id*. Once he was placed in J-Housing Unit, Officer McKibbin punched him multiple times in the stomach and jaw. *Id*. Taylor was also dropped on his face and left in his cell in anguish. *Id*. He sought medical treatment for his injuries to his wrist, foot, shoulder, and face. *Id*.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore

discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*.

Here, Taylor contends Officer Graves subjected him to excessive force when he deployed pepper spray in his cell after he asked to speak to Officer Graves's supervisor because he was concerned his move to J-Housing Unit would jeopardize his safety. He also asserts that Officer McKibbin used excessive force when he punched him multiple times in the stomach and jaw in J-Housing Unit. While additional fact finding may demonstrate that the force used by Officers Graves and McKibbin was not excessive, giving Taylor the benefit of the inferences to which he is entitled at this stage of the case, he has stated Eighth Amendment claims of excessive force against these two officers.[1]

Taylor next asserts that the defendants used excessive force not to maintain order but because he filed a protective custody request. (DE # 2 at 5.) However, because Taylor is already proceeding on an Eighth Amendment excessive force claim, allowing him to proceed on a retaliation claim on the same facts is redundant and unnecessary. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of

---

[1] Although Taylor alleges that the defendants were involved in assaulting him, he does not make specific allegations regarding any officers other than Officers Graves and McKibbin and he therefore may not proceed against any other defendant on this claim. (DE # 2 at 5.)

3

Williams's substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim.); *Conyers v. Abitz*, 416 F.3d 580, (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (Analyzing allegations under the most "explicit source[s] of constitutional protection."). Therefore, Taylor may not proceed on a retaliation claim.

Taylor also contends the defendants violated Indiana Department of Correction ("IDOC") policy because he was not moved back to A-Housing Unit after he reported he feared for his life and filed protective custody paperwork. (DE # 2 at 4.) Section 1983 allows a plaintiff to sue for a violation of his federal rights, not IDOC policies. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (claim under § 1983 requires that plaintiff was deprived of a federal right by a person acting under color of state law). A violation of IDOC policy alone cannot form the basis for a constitutional claim. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). Therefore, even if the defendants had violated prison policy, this would not form the basis for a constitutional claim.

Furthermore, Taylor has also sued Officer Myers because he told Officer Graves he would not be moved back to A-Housing Unit. (DE # 2 at 4.) To the extent Officer

4

Myers holds a supervisory position, there is no general respondeat superior liability under 42 U.S.C. § 1983, and Officer Myers cannot be held liable for damages simply because he supervises prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (liability under 42 U.S.C. § 1983 is based on personal responsibility and prison officials cannot be held liable for damages solely because they hold supervisory positions); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (same). Nor has Taylor alleged any plausible set of facts from which it can be inferred that Officer Myers violated any of his constitutional rights. Therefore, Taylor may not proceed against Officer Myers.

As a final matter, Taylor filed a motion for a scheduling order. (DE # 20.) Because his motion is premature and unnecessary, it will be denied. The court will issue a scheduling order at the appropriate time.

For these reasons, the court:

(1) DENIES the motion for a scheduling order (DE # 20);

(2) GRANTS John W. Taylor, IV, leave to proceed against Officer Matthew Graves in his individual capacity for compensatory and punitive damages for spraying pepper spray into his cell, on January 25, 2024, in violation of the Eighth Amendment;

(3) GRANTS John W. Taylor, IV, leave to proceed against Officer McKibbin in his individual capacity for compensatory and punitive damages for punching him multiple times in the stomach and jaw, on January 25, 2024, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Officers Branden Myers, Ethan Wood, Graham, Nelson, and Layton;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Matthew Graves and Officer McKibbin at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 2);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Matthew Graves and Officer McKibbin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: February 28, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT