UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN W. TAYLOR, IV, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW GRAVES, ETHAN WOOD, GRAHAM, NELSON, McKIBBIN, and LAYTON, <br><br> Defendants. | CAUSE NO. 3:24-CV-273-JTM-JEM |

OPINION AND ORDER

John W. Taylor, IV, a prisoner without a lawyer, filed a motion asking the court to reconsider the screening order. (DE # 28.) In the screening order, Taylor was granted leave to proceed on two claims:

1) against Officer Matthew Graves in his individual capacity for compensatory and punitive damages for spraying pepper spray into his cell, on January 25, 2024, in violation of the Eighth Amendment; and

2) against Officer McKibbin in his individual capacity for compensatory and punitive damages for punching him multiple times in the stomach and jaw, on January 25, 2024, in violation of the Eighth Amendment.

(DE # 21 at 5.)

In the motion for reconsideration, Taylor asks to proceed on three claims. First, he wants to proceed against Correctional Officers Brandon Myers and Matthew Graves on an excessive use of force claim for spraying him on January 25, 2024, and a denial of medical treatment claim for refusing to allow him to shower and decontaminate after being sprayed. (DE # 28 at 1-2.) Taylor is already proceeding against Officer Graves on

that excessive use of force claim. (DE # 21 at 5.) His complaint does not mention Officer Myers being involved until twelve hours after he was seen by medical, so there is no basis for allowing Taylor to proceed against him on either claim. (*See* DE # 2.) The complaint mentioned being moved before decontamination and that he "complained about the effects of the pepper spray" when he arrived in J-housing unit, but the complaint made no mention of how long he waited for a shower. *Id*. at 4. Though he did not adequately develop this claim in the complaint, his assertion in the motion that he waited twelve hours before he saw medical is sufficient to allow him to proceed against Officer Graves for denying him medical treatment for those twelve hours.[1] *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to prevail on an Eighth Amendment claim for a denial of medical treatment against non-medical staff, he must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need).

Second, Taylor wants to proceed against Correctional Officers Ethan Wood, Graham, Nelson, Layton, and McKibbin on an excessive use of force claim for dragging, choking, beating, and dropping him on his face on January 25, 2024. (DE # 28 at 2.) In the complaint, Taylor did not specifically identify anyone other than McKibbin (against whom he was granted leave to proceed). (DE # 2 at 5.) The ambiguity Taylor created by merely saying "the defendants" to describe the other officers is highlighted now that the motion to reconsider clarifies that not all of the defendants named in the complaint

---

[1] Taylor alleges it was twenty-four hours before he was able to shower, but once he saw medical, it was no longer Officer Graves who was denying him the opportunity to decontaminate.

2

were involved in this use of force. Taylor created this problem and delayed this case, but in the interests of justice and to avoid further delay by requiring him to file an amended complaint, this order will grant him leave to proceed against these four additional defendants.

Third, Taylor wants to proceed against Correctional Officer Branden Myers for retaliating against him for filing protective custody requests by denying them. (DE # 28 at 2-3.) In the complaint, Taylor alleged that excessive use of force was employed in retaliation for his having sought protective custody. Taylor made no mention of Officer Myers. The only mention of Officer Myers in the complaint is the allegation that, "the plaintiff was told by Defendant Graves that per Defendant Myers he was not getting moved." (DE # 2 at 4.) There is no basis for finding the complaint alleged retaliation by Officer Myers. Neither is there a basis for allowing Taylor to proceed on the retaliation claim he describes in the motion to reconsider. Further, as the court previously explained, "because Taylor is already proceeding on an Eighth Amendment excessive force claim, allowing him to proceed on a retaliation claim on the same facts is redundant and unnecessary." (DE # 21 at 3.) Finally, even if these alleged facts about Officer Myers were construed as a failure to protect claim, it would still fail because he makes clear he was not attacked by other inmates after he was denied protective custody. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) (fear of an attack that did not occur does not violate the Eighth Amendment).

Taylor also filed a motion asking to dismiss Officer Graves so he can sue him in a separate case where he can pursue both the excessive force and the decontamination

3

claim. (DE # 46.) Because this order allows him to bring both of those claims in this case, his motion is moot.

For these reasons, the court:

(1) **GRANTS** the motion to reconsider (DE # 28) to the extent the screening order (DE # 21) is **AMENDED** to:

    a. **GRANT** John W. Taylor, IV, leave to proceed against Officer Matthew Graves in his individual capacity for compensatory and punitive damages for denying him medical treatment by preventing him from decontaminating for twelve hours after being pepper sprayed on January 25, 2024, in violation of the Eighth Amendment; and

    b. **GRANT** John W. Taylor, IV, leave to proceed against Correctional Officers Ethan Wood, Graham, Nelson, and Layton in their individual capacities for compensatory and punitive damages for dragging, choking, beating, and dropping him on his face on January 25, 2024, in violation of the Eighth Amendment;

(2) **DENIES** the motion to reconsider (DE # 28) in all other respects;

(3) **DENIES** the motion for court order (DE # 46) **as MOOT**;

(4) **REMINDS** the parties that under the screening order (DE # 21), John W. Taylor, IV, is still proceeding:

    a. against Officer Matthew Graves in his individual capacity for compensatory and punitive damages for spraying pepper spray into

4

      his cell, on January 25, 2024, in violation of the Eighth Amendment; and

    b. against Officer McKibbin in his individual capacity for compensatory and punitive damages for punching him multiple times in the stomach and jaw, on January 25, 2024, in violation of the Eighth Amendment;

(5) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officers Ethan Wood, Graham, Nelson, and Layton at the Indiana Department of Correction, with a copy of this order, the screening order (DE # 21), the motion to reconsider (DE # 28), and the complaint (DE # 2);

(6) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) **ORDERS** Officers Matthew Graves and McKibbin to file an amended answer no later than when Correctional Officers Ethan Wood, Graham, Nelson, and Layton file their answer.

                              **SO ORDERED.**

Date: November 10, 2025

                        s/James T. Moody
                        JUDGE JAMES T. MOODY
                        UNITED STATES DISTRICT COURT